IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ÁNGEL DAVID GONZÁLEZ-TORRES,<br><br>　　　　Plaintiff<br><br>　　　　v.<br><br>COMMONWEALTH OF PUERTO RICO, et al.,<br><br>　　　　Defendants | CIVIL NO. 09-1534 (JP) |

**OPINION AND ORDER**

　　Before the Court is a motion to dismiss filed by Defendants Commonwealth of Puerto Rico, Carlos Molina-Rodríguez ("Molina"), and María E. Meléndez-Rivera ("Meléndez") (**No. 9**), as well as a motion (No. 11) filed by Defendant María Ortiz-Díaz ("Ortiz") requesting to join the motion to dismiss.[1]  Said motions are unopposed.  Plaintiff Ángel David González-Torres ("González") filed the instant case pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that he has been subjected to gender discrimination in his treatment by correctional officials at the prison where Plaintiff is incarcerated. Defendants move to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons stated herein, Defendants' motion to dismiss is hereby **GRANTED**.

---

1.　The Court **NOTES** Defendant Ortiz's motion to join (**No. 11**), and will consider the arguments in the motion to dismiss as pertaining to Defendant Ortiz as well as the original moving Defendants.

CIVIL NO. 09-1534 (JP)            -2-

## I.   **FACTUAL ALLEGATIONS**

Plaintiff is an inmate at Campamento Zarzal ("Zarzal") in Río Grande, Puerto Rico.  Plaintiff alleges that it is the policy of the prison officials at Zarzal to discriminate against male inmates, especially those serving prison terms for domestic violence.  In particular, Plaintiff alleges that Defendant Ortiz, the supervisor of social workers at Zarzal, has given direct instructions to other social workers to refuse to refer Plaintiff to available pre-release programs, to psychological evaluation, or to rehabilitation or other treatment.  Ortiz allegedly prevents Plaintiff from participating in said programs in order to jeopardize Plaintiff's possibility of parole.

Plaintiff further alleges that Defendant Molina, Secretary of the Department of Corrections, has knowledge of the discriminatory practices implemented by Ortiz, but has done nothing to stop said practices.  In addition, Plaintiff alleges that Defendant Meléndez, President of the Parole Board, has failed to evaluate Plaintiff's application for parole in a timely manner.

## II.  **LEGAL STANDARD FOR A MOTION TO DISMISS**

The Supreme Court has established that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that

CIVIL NO. 09-1534 (JP)          -3-

is plausible on its face, not merely conceivable. Id. at 570. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

### III. **ANALYSIS**

Defendants argue that Plaintiff's complaint should be dismissed because: (1) there is no constitutional right to rehabilitative programs in prison and therefore Plaintiff cannot state a claim pursuant to Section 1983; (2) Plaintiff has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a); and (3) Defendants are entitled to Eleventh Amendment immunity. The Court will now consider Defendants' arguments in turn.

#### A.   **Underlying Claim to Support Section 1983 Action**

Plaintiff brings the instant action pursuant to Section 1983. Section 1983 provides a procedural mechanism for enforcing federal

CIVIL NO. 09-1534 (JP)          -4-

constitutional or statutory rights.  See Albright v. Oliver, 510 U.S. 266, 271 (1994).  In order to prevail on a Section 1983 claim, a plaintiff must demonstrate that the defendant: (1) acted under color of state law; and (2) deprived him of the identified federal right.  See Cepero Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005) (quoting Romero Barceló v. Hernández Agosto, 75 F.3d 23, 32 (1st Cir. 1996)).  Puerto Rico is considered a state for Section 1983 purposes.  Rivera-Lugaro v. Rullán, 500 F. Supp. 2d 28, 39 (D.P.R. 2007).

Plaintiff's complaint does not identify a specific constitutional or statutory federal right that has been violated by Defendants.  Defendants argue that because there is no constitutional right to parole or prison rehabilitative programs, Plaintiff cannot state a Section 1983 claim on the basis of the allegations in the complaint.  Although Plaintiff has not specifically identified an underlying constitutional right, a liberal reading of his complaint supports the interpretation that he is attempting to allege an Equal Protection violation.  Plaintiff has clearly stated that he believes male and female prisoners are being treated differently with regard to access to certain prison programs.  Given that we must liberally interpret a *pro se* pleading, the Court will consider Plaintiff's complaint as intending to allege an Equal Protection violation. Sisbarro v. Warden, Mass. State Penitentiary, 592 F.2d 1, 2 (1st Cir. 1979).

CIVIL NO. 09-1534 (JP)           -5-

### 1.   Equal Protection

The Fourteenth Amendment provides that states shall not "deny to any person . . . the equal protection of the laws." Equal protection of the laws means that "no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances." Walsh v. Com. of Mass., 618 F.2d 156 (1st Cir. 1980) (quoting Missouri v. Lewis, 101 U.S. 22, 31 (1879)). In the case of an allegation of gender-based discrimination, the requirements of Equal Protection are satisfied when the challenged government action "serves important governmental objectives and . . . the discriminatory means employed are substantially related to the achievement of those objectives." Laro v. New Hampshire, 259 F.3d 1, 10 (1st Cir. 2001).

In the instant case, Plaintiff alleges that male prisoners, particularly those serving sentences for domestic violence, are not granted access to parole and pre-release rehabilitation programs in the same way as similarly situated female prisoners. Plaintiff states that he has not been referred to rehabilitative programs despite requests to his social worker, and that his parole application has not been evaluated in a timely manner. However, Plaintiff has not alleged specific facts to support a finding that any such delays or lack of access to programs are part of a pattern

CIVIL NO. 09-1534 (JP)          -6-

of unequal treatment of male prisoners when compared with similarly situated female prisoners.

"To survive a motion to dismiss, an equal protection claim must outline facts sufficient to convey specific instances of unlawful discrimination." Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992). Pleading specific instances of unequal treatment requires more than stating examples in which a request by a plaintiff for some benefit has been denied. Additional information must be alleged which tends to show that this denial was due to the fact that the plaintiff is a member of a particular class of people. Id. (affirming motion to dismiss equal protection claim brought by teacher whose complaint alleged four instances when he was allegedly passed over for a job due to favoritism, but "[did] not allege for example, that hired candidate A was a childhood friend of defendant B"). Here, Plaintiff has not alleged instances in which the parole application of a female inmate has been fast tracked or a female inmate has been given access to a particular pre-release program instead of similarly eligible male inmates. Thus, the allegations in the complaint, accepted as true, are insufficient to support a claim of differential treatment on the basis of gender. Accordingly, the Court must dismiss Plaintiff's Equal Protection claim. In light of this conclusion, the Court need not consider Defendants' additional arguments for dismissal.

CIVIL NO. 09-1534 (JP)          -7-

**IV. CONCLUSION**

In conclusion, the Court determines that Plaintiff's general allegations indicate his intent to bring an Equal Protection claim, but that said allegations lack sufficient specific facts to support such a claim. Therefore, the Court **GRANTS** Defendants' motion to dismiss the complaint. A separate Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of March, 2010.

                                                    s/Jaime Pieras, Jr.
                                                    JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE